IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAGDISH C. LAUL,

    Plaintiff,

vs.                                                          Civ. No. 16-1017 JAP/KBM

LOS ALAMOS NATIONAL
LABORATORIES,

    Defendant.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on Defendant's Motion for Protective Order (*Doc. 41*), filed September 14, 2017. The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised, finds that the motion is well-taken and is granted.

In its Motion for Protective Order, Defendant asks the Court to enter a protective order prohibiting Plaintiff from attending the deposition of Janet McMillian. Mrs. McMillian is the wife of Los Alamos National Laboratories Director, Charlie McMillian. Mrs. McMillian filed an affidavit indicating that she is afraid of and intimidated by Plaintiff's aggressive behavior towards her. *See Doc. 41-1*, Ex. A.

Federal Rule of Civil Procedure 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (E) designating the persons who may be present while discovery is conducted." This rule allows for the exclusion of witnesses or parties from a deposition. *See Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of New Mexico*, No. CIV 09-0885

JB/DJS, 2010 WL 5476782, at *5 (D.N.M. Nov. 24, 2010); *In re Shell Oil Refinery*, 136 F.R.D. 615, 617 (E.D. La. 1991). "The decision to grant a protective order is vested in the district court's discretion." *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

The party seeking the protective order must show good cause for its entry. *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005). Good cause includes a showing of particular and specific facts pointing to the need for a protective order, not just stereotyped and conclusory statements or "ordinary garden variety or boilerplate 'good cause' facts which will exist in most civil litigation." *BCI Commc'n Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 160 (N.D. Ala. 1986); *see also Radian Asset Assurance, Inc.*, 2010 WL 5476782, at *5.

Plaintiff argues that a heightened standard is required when seeking to exclude a party, rather than just a witness, from a deposition. *See Galella v. Onassis*, 487 F.2d 986, 997 (2nd Cir. 1973) ("It is clear that the court has the power to exclude even a party, although such an exclusion should be ordered rarely indeed."); *Visor v. Sprint/United Mgmt. Co.*, No. CIV.A. 96-K-1730, 1997 WL 567923, at *2 (D. Colo. Aug. 18, 1997) ("While courts have, on rare occasions, construed Rule 26(c)[] to allow for the exclusion of parties from pretrial depositions, they agree exclusion should be ordered 'rarely indeed' and only upon a heightened showing of 'exceptional' or 'compelling' circumstances necessary to protect the deponent."). However, the Tenth Circuit has held that "[t]he good cause standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (internal quotations omitted).

Even under a heightened standard, Defendant has shown good cause for the entry of a protective order. Defendant has provided specific facts and three affidavits to illustrate Mrs. McMillian's fear of Plaintiff. Mrs. McMillian's affidavit walks through her encounters with Plaintiff in 2014 and 2015, when he came to her office and aggressively and repeatedly asked her to give documents to her husband. *Doc. 41-1*, Ex. A. Both encounters made her feel uncomfortable and threatened. *Id.* Defendant also provided an affidavit of one of Mrs. McMillian's coworkers, John Wally Collings, describing the aggressive tone and nature Plaintiff demonstrated during his 2015 encounter with Mrs. McMillian. *Doc. 41-1*, Ex. B. While Plaintiff asserts he has not had any contact with Mrs. McMillian after sending her an apology letter in 2015 (*Doc. 43* at 2), Mrs. McMillian's affidavit explains that she continues to feel threatened by Plaintiff because he has made inquiries about her to one of her co-workers (*Doc. 41-1*, Ex. A). That co-worker, Rhonda Cionek, also provided an affidavit, affirming that Plaintiff has showed up to her Zumba studio and asked questions about Mrs. McMillian. *Doc. 41-1*, Ex. C. These specific and particular facts support Mrs. McMillian's assertion that Plaintiff's intimidating behavior may make it difficult for her to testify at her deposition if he is in attendance.

Finally, there is no need for Plaintiff to be present at Mrs. McMillian's deposition. Plaintiff can consult with and provide information to his attorneys before the deposition and can be available during the deposition by telephone. *See Tolbert-Smith v. Bodman*, 253 F.R.D 2, 4-5 (D.D.C. 2008); *In re Shell Oil Refinery*, 136 F.R.D. at 617.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order is **granted.**

_____
United States Chief Magistrate Judge